CHARLES A. LUCAS, Appellant, *v.* SAMUEL G. THOMPSON and Another, as Executors, etc., of OLIVER B. LUCAS, Respondents.

*Account book — when properly admitted in evidence.*

Upon the trial of an action the objection was made in relation to charges for the payment of taxes, etc., appearing on a certain book, that no order or authority from the plaintiff was shown for such payments. The book was one that was kept mainly by the plaintiff, and to which he at all times had free access, and in which he made charges and credits.

*Held*, that the book was admissible in evidence to show the state of the plaintiff's account.

APPEAL by the plaintiff, Charles A. Lucas, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Suffolk on the 11th day of April, 1893, upon the report of a referee, with notice of an intention to bring up for review on such appeal an order of the Supreme Court, made at the Kings County Special Term and entered in said clerk's office on the 20th day of March, 1893, denying the plaintiff's motion to vacate and set aside such report.

This proceeding was a reference under the statute, after the presentation to the executors of the decedent of a claim against the estate.

*Timothy M. Griffing*, for the appellant.

*Thomas F. Bisgood*, for the respondents.

PRATT, J.:

This judgment might well be affirmed on the opinion of the able referee before whom the case was tried. He saw the witnesses and heard them testify, and had a better opportunity to judge of their credibility than an appellate court can have from reading the testimony. It is very clear, from reading the case, that there is no such preponderance of evidence in favor of the plaintiff as will authorize a reversal of the judgment, neither are there any exceptions disclosing error to the prejudice of the plaintiff; indeed, the fair inference from the ledger is that plaintiff was fully paid for his labor, and this was the most reliable evidence there was in the case.

The plaintiff neither established the amount of his wages nor the time which he worked.

The evidence of declarations made by the deceased father of the plaintiff were properly excluded, as they had no relevancy in proving a contract or any amount due to the plaintiff.

The same may be said of the exclusion of the question to Anna Lucas, as to whether "Mr. Buck assisted in the furniture business."

Another objection related to charges on the book for payments of taxes, etc., that no order or authority from the plaintiff was shown for such payments. It is to be noticed that the book was one that was mainly kept by the plaintiff; was one to which he, at all times, had free access, and in which he made charges and credits. This fact also answers the exception to the admission of the book in evidence to show the state of plaintiff's account.

We are unable to discover any error of law or fact in the report of the referee.

The judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.